1
2
3
4
5

UNITED STATES DISTRICT COURT

6

DISTRICT OF NEVADA

7

* * *

8

JOSEPH SUSTACHA,

Case No. 3:15-cv-00532-MMD-WGC

9

Plaintiff,

ORDER

v.

10

KAREN GEDNEY et al.,

11

Defendants.

12
13

I.     DISCUSSION

14

Plaintiff has submitted a motion for reconsideration of the Court's initial screening

15

order with regard to the Court's adjudication of count III of his original complaint. (Dkt.

16

no. 7.) In its screening order, the Court dismissed count III without prejudice pursuant to

17

Federal Rule of Civil Procedure 20. (Dkt. no. 5 at 8, 10:26-27.) The Court noted that

18

count III has no common defendants or common questions of law or fact, and the right

19

to relief does not arise out of the same transaction, occurrence, or series of transactions

20

or occurrences as Plaintiff's count I and II. (*Id.* at 8.) As such, Plaintiff must pursue this

21

claim in another complaint. (*Id.*)

22

Plaintiff asserts that there is nothing in Federal Rule of Civil Procedure 20 that

23

joinder "requires direct transaction between every defendant . . . ." (Dkt. no. 7 at 1.)

24

Plaintiff contends that joinder is appropriate as all of the defendants are employees of

25

the state acting under color of the law when they perform their duties. (*Id.*) Plaintiff

26

additionally alleges a conspiracy by state actors in not protecting his rights. (*Id.* at 2.)

27

Plaintiff alleges that doctors, caseworkers, and correctional officers talk daily, which

28

shows a transactional link between the different defendants. (*Id.*)

1    A motion to reconsider must set forth "some valid reason why the court should

2    reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to

3    persuade the court to reverse its prior decision." *Frasure v. United States*, 256

4    F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is

5    presented with newly discovered evidence, (2) committed clear error or the initial

6    decision was manifestly unjust, or (3) if there is an intervening change in controlling

7    law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for

8    reconsideration is not an avenue to re-litigate the same issues and arguments upon

9    which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280,

10   1288 (D. Nev. 2005).

11       **A.    Clear Error**

12       Plaintiff alleges clear error and that the Court misapplied Federal Rule of Civil

13   Procedure 20. (Dkt. no. 7 at 1.) As stated in the Court's initial screening order, Federal

14   Rule of Civil Procedure 20 governs the permissive joinder of parties. (Dkt. no 5 at 8:5.)

15   Persons may be joined in one action as defendants if (A) any right to relief is asserted

16   against them jointly, severally, or in the alternative with respect to or arising out of the

17   same transaction, occurrence, or series of transactions or occurrences; and (B) any

18   question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P.

19   20(a)(2).

20       Plaintiff fails to satisfy the requirements for permissive joinder. In counts I and II,

21   Plaintiff alleges that he has not been provided with rehabilitative services or pain relief

22   medication at Northern Nevada Correctional Center and that defendants doctors

23   Gedney and Johns are responsible for the lack of adequate medical and therapeutic

24   treatment. (Dkt. no. 6 at 6.) In count III, Plaintiff alleges that a number of defendants

25   failed to respond to his allegation of threats of sexual assault, and that he suffered

26   sexual assault as a result. (Dkt. no. 6 at 9.) Defendants Gedney and Johns were not

27   among the defendants who were made aware of these threats, and Plaintiff does not

28   allege that they were responsible for failing to protect him. Indeed, this claim is entirely

unrelated to Plaintiff's claim that defendants Gedney and Johns were deliberately indifferent to his serious medical need: count III is alleged against an entirely different group of defendants and presents separate factual circumstances. The right to relief does not arise out of the same transaction, occurrence, or series of transactions or occurrences.

The fact that Plaintiff alleges that all of the defendants are employees of the state acting under color of the law when they perform their duties is not determinative. *See Deskovic v. City of Peekskill*, S.D.N.Y. 2009, 673 F.Supp.2d 154 (holding that a former inmate's § 1983 claim against city and county officials whose conduct resulted in his wrongful rape and murder conviction did not share common question of law with his § 1983 claims against corrections officer who allegedly touched inmate inappropriately during prison pat-down searches, as would warrant joinder of claims); *see also Vlamakis v. Ross*, S.D.N.Y. 1984, 103 F.R.D. 398 (holding that allegations regarding persons other than named defendant were totally unrelated to any of plaintiff's claims against named defendant except for fact that plaintiff claimed that everything he had suffered at the hands of various prison personnel had been in retaliation for his prosecution of civil rights action against named defendant, his arresting officer).

Plaintiff has not demonstrated clear error. Additionally, there is no prejudice to a substantial right or manifest injustice, as the Court dismissed Plaintiff's failure to protect claim without prejudice, and Plaintiff has leave to file a new and separate § 1983 complaint alleging the claim.

### B.   New Factual Allegations

Plaintiff makes new factual allegations in his motion for reconsideration in claiming that the defendants all talk daily and that there is a conspiracy to not protect his rights. (Dkt. no. 7 at 2.) Preliminarily, an allegation that all of the defendants talk to one another is insufficient by itself to implicate defendants Gedney and Johns in the alleged violation — failure to protect. Plaintiff must allege that the defendants named in count I of his complaint — Gedney and Johns — participated in the specific violation in

3

question, and an allegation that they speak with other prison employees fails to demonstrate any such participation.

Moreover, while the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's bald assertion that all of the individual defendants speak to one another is insufficient to support a claim that they acted together in denying him the specific right in question. As such, Plaintiff's allegation that all of the defendants speak to one another is not only insufficient to link defendants Gedney and Johns to Plaintiff's Eighth Amendment failure to protect claim, it is also insufficient to link any other defendants not directly alleged to have received notice that threats were being made against Plaintiff.[1]

Plaintiff's claim of a conspiracy is not supported in his original complaint, his motion for reconsideration, or his amended complaint. "To state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. Cnty of King*, 883 F.2d 819, 821 (9th Cir. 1989). The plaintiff must show "an agreement or meeting of the minds to violate constitutional rights," and "[t]o be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010). Plaintiff's conclusory allegations that the defendants had a meeting of the minds to interfere with his rights are insufficient to support his claim.

Rule 20 is designed to promote judicial economy, and reduce inconvenience, delay, and added expense. *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (citation omitted). Trial efficiency will not be promoted in this case by allowing Plaintiff to

---

[1]As stated in the Court's initial screening order, to demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

1  raise his failure to protect claim, as it implicates different defendants and different

2  factual circumstances. As such, the Court hereby denies Plaintiff's motion for

3  reconsideration.

4  **II.   CONCLUSION**

5        For the foregoing reasons, it is ordered that Plaintiff's motion for reconsideration

6  of the Court's initial screening order with regard to the Court's adjudication of count III of

7  his original complaint (dkt. no. 7) is denied.

8        It is further ordered that Plaintiff's Eighth Amendment failure to protect claim is

9  dismissed without prejudice, as stated in the Court's initial screening order. (Dkt. no. 5

10  at 10:26-27.) No further amendment concerning this claim will be accepted by the Court

11  in this action.

12        DATED THIS 11th day of April 2016.

13  

14                       MIRANDA M. DU
                     UNITED STATES DISTRICT JUDGE

15  

16  

17  

18  

19  

20  

21  

22  

23  

24  

25  

26  

27  

28